IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MARY A. SEALE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-11-CV-028-O-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mary A. Seale seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision should be reversed.

I.

Plaintiff alleges that she is disabled as a result of obesity and various conditions stemming from a childhood back injury, including lumbar spondylosis, spondylisthesis, and peripheral neuropathy. After her application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on January 15, 2010. At the time of the hearing, plaintiff was 31 years old. She is a high school graduate with past work experience as a bell ringer for the Salvation Army, a child care worker, and a dish washer. Plaintiff has not engaged in substantial gainful activity since January 11, 2008.

The ALJ found that plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that plaintiff suffered from severe lumbar spondylosis and peripheral neuropathy, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a wide range of light work with some limitations, including her past relevant work as a bell ringer. Relying on the testimony of a vocational expert, the judge found that plaintiff was also capable of working as a folding-machine operator, a packaging machine operator, and a cutting machine operator -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In multiple grounds for relief, plaintiff contends that the hearing decision is not supported by substantial evidence and results from reversible legal error. Specifically, plaintiff argues that: (1) the assessment of her residual functional capacity is not supported by substantial evidence; (2) the ALJ improperly evaluated her credibility; (3) the ALJ failed to discuss and consider medical evidence from her treating physicians; (4) the ALJ did not properly evaluate the severity of her obesity; (5) the ALJ improperly determined that her job as a bell ringer qualified as "substantial gainful activity;" and (6) the ALJ relied on faulty vocational expert testimony.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff makes two arguments that, taken together, compel remand. First, plaintiff argues that the ALJ improperly determined that her job as a bell ringer for the Salvation Army qualified as "substantial gainful activity."[1] The Commissioner concedes that this finding is not supported by substantial evidence. (*See* Def. MSJ Resp. Br. at 17 n.7). Nevertheless, the Commissioner maintains that any error in this regard is harmless because the ALJ found that plaintiff was capable of working as a folding-machine operator, a packaging machine operator, and a cutting machine operator. Plaintiff counters that each of those jobs, as described in the *Dictionary of Occupational Titles* ("DOT"), requires some literacy skills, and the ALJ found that plaintiff was "unable to read."

The DOT was promulgated by the Department of Labor to provide "standardized occupational information to support job placement activities." *See Dictionary of Occupational Titles* at xv (4th ed. 1991). The DOT, along with a companion volume -- *The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO") -- contains descriptions of the requirements for thousands of jobs in the national economy. According to the DOT, the occupations of folding-machine operator, packaging machine operator, and cutting machine operator all require the ability to read. Specifically, the jobs of folding-machine operator and packaging machine operator require "Level 1" reading skills, defined as:

> Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers.

---

[1] The primary focus in determining whether work constitutes "substantial gainful activity" is the amount of earnings derived from the activity. *See* 20 C.F.R. § 404.1574(a)(1). If the claimant is paid a certain threshold amount of monthly earnings, as calculated by a formula set by the Commissioner, the job is presumed to constitute "substantial gainful activity." *Id.* § 404.1574(b)(2). If monthly earnings fall below the threshold amount, it is presumed that the job does not constitute "substantial gainful activity." *Id.* § 404.1574(b)(3)(i). In 2005, the threshold monthly earnings requirement for "substantial gainful activity" was $830.00. *See* Social Security Online, *Substantial Gainful Activity* at http://www.ssa.gov/OACT/COLA/sga.html (last visited Mar. 6, 2012). Because plaintiff earned a total of $46.80 as a bell ringer for the Salvation Army in 2005, (*see* Tr. at 106), that job does not constitute "substantial gainful activity."

DOT § 208.685-014 (folding-machine operator),[2] § 920.685-078 (packaging machine operator). The cutting machine operator job calls for "Level 3" reading skills, which require the ability to:

> [r]ead a variety of novels, magazines, atlases, and encyclopedias. Read safety rules, instructions in the use and maintenance of shop tools and equipment, and methods and procedures in mechanical drawing and layout work.

*Id.* § 699.362-010 (cutting machine operator). Because the ALJ expressly found that plaintiff was "unable to read[,]" (*see* Tr. at 18), plaintiff argues that the vocational expert's testimony conflicts with the DOT descriptions for the jobs she allegedly can perform.

There is a split of circuit authority as to whether vocational expert testimony can provide substantial evidence to support the Commissioner's decision when it conflicts with the DOT provisions. Some courts permit the ALJ to rely on such testimony even if it conflicts with the DOT. *See Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999), *cert. denied*, 120 S.Ct. 1723 (2000); *Conn v. Secretary of Health and Human Services*, 51 F.3d 607, 610 (6th Cir. 1995); *Sawyer v. Apfel*, 166 F.3d 1210 (Table), 1998 WL 830653 at *1 (4th Cir. Dec. 2, 1998). By contrast, the Eighth Circuit has held that the DOT job descriptions are generally more reliable than the conflicting testimony of a vocational expert. *See Smith v. Shalala*, 46 F.3d 45, 47 (8th Cir. 1995). Still other courts, including the Fifth Circuit, have adopted a "middle ground" approach which allows the ALJ to rely on vocational expert testimony if the record reflects an adequate basis or a reasonable explanation for deviating from the DOT. *See Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000); *Haddock v. Apfel*, 196 F.3d 1084, 1091-92 (10th Cir. 1999); *Johnson v. Shalala*, 60 F.3d 1428,

---

[2] It is not clear whether the "folding-machine operator" job referenced by the vocational expert is the position described in DOT § 208.685-014, or the alternative position of "cementer, machine joiner" described in DOT § 690.685-074, which plaintiff cites in her brief. (*See* Plf. MSJ Br. at 24). In view of the fact that the "cementer, machine joiner" position has a "Level 2" literacy requirement, which exceeds the "Level 1" reading skills required for the "folding-machine operator" position, the court will assume for purposes of its harmless error analysis that the VE determined plaintiff could work as a "folding-machine operator."

1434-35 (9th Cir. 1995); *Tom v. Heckler*, 779 F.2d 1250, 1255-56 (7th Cir. 1985); *Mimms v. Heckler*, 750 F.2d 180, 186 (2d Cir. 1984). In *Carey*, the Fifth Circuit held that:

> To the extent that there is any implied or indirect conflict between the vocational expert's testimony and the DOT . . ., we agree with the majority of the circuits that the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so. . . . Adopting a middle ground approach, in which neither the DOT nor the vocational expert testimony is per se controlling, permits a more straightforward approach to the pertinent issue, which is whether there is substantial evidence supporting the Commissioner's determination that this particular person can do this particular job or group of jobs.

*Carey*, 230 F.3d at 146-47. Although Carey did not involve "the type of direct and obvious conflict . . . when the vocational expert's characterization of the exertional or skill level required for a particular job is facially different from the exertional or skill level provided for that job in the DOT," *see id.* at 145-46, lower courts that have considered such direct conflicts also have adopted this "middle ground" approach. *See Conaway v. Astrue*, No. 3-07-CV-0906-BD, 2008 WL 4865549 at *6 (N.D. Tex. Nov. 10, 2008) (citing cases). Thus, at least in this circuit, vocational expert testimony may be accepted over a conflicting DOT provision if "the record reflects an adequate basis for doing so." *Id.*, quoting *Carey*, 230 F.3d at 146.

Here, there is a direct conflict between the vocational expert's testimony that plaintiff can work as a folding-machine operator, a packaging machine operator, and a cutting machine operator despite her inability to read, and the DOT, which describes such jobs as requiring at least some level of literacy. Although the ALJ found that such testimony was consistent with the DOT, (*see* Tr. at 23), nothing in the record explains how these jobs can be performed by someone who is unable to read. The Commissioner attempts to skirt the literacy issue by arguing that all of the jobs identified by the vocational expert are unskilled, may be learned within a month, and require little or no

judgment. (*See* Def. Resp. MSJ Br. at 18, *citing* DOT, App. C & 20 C.F.R. § 416.968(a)). But none of those factors have anything to do with literacy. Likewise, the fact that the folding-machine operator position requires the *lowest* level of reading skills does not suggest that someone with *no* reading skills could perform the job. (*See id.*, *citing* DOT § 208.685-014).

The Commissioner also points out that plaintiff graduated from high school and that her treating physician opined that she had good judgment, insight, and normal intelligence with intact memory and concentration, and exhibited "basic reading and writing skills by coherently completing the work history form and daily activity questionnaire in her own handwriting with some assistance." (*See* Def. MSJ Resp. Br. at 18-19, *citing* Tr. at 125-32, 170). Even if the record contains such evidence, the ALJ expressly determined that plaintiff is "unable to read." (*See* Tr. at 18). It is not the province of this court to find otherwise. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (hearing decision must stand or fall with reasons set forth by ALJ); *Concha v. Astrue*, No. CV 09-3044-PJW, 2010 WL 2569240 at *3 (C.D. Cal. Jun. 21, 2010) (refusing to find on judicial review that plaintiff could read and communicate in English where ALJ unambiguously concluded otherwise).

Nor is there anything to suggest that either the vocational expert or the ALJ was actually aware of the conflict with the DOT requirements. "When vocational evidence provided by [an expert] is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the [ ] evidence to support a determination or decision that the individual is or is not disabled." SSR 00-4p, 2000 WL 1898704 at *4 (SSA 2000); *see also Conaway*, 2008 WL 4865549 at *7. If the conflict is resolved in favor of the vocational expert, the ALJ must articulate a "plausible reason" for accepting testimony that conflicts with the DOT so that the hearing decision is susceptible to meaningful judicial review. *Conaway*, 2008 WL 4865549 at *7; *see also* SSR 00-4p

(providing examples of reasonable explanations for disregarding DOT). Here, the ALJ failed to articulate *any reason* for disregarding the DOT's literacy requirements for the jobs of folding-machine operator, packaging machine operator, and cutting machine operator. As a result, substantial evidence does not support the finding that plaintiff can perform other work in the national economy.

## RECOMMENDATION

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[3]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.

DATED: March 8, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE